UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATION CAPITAL GROUP LLC, CYS MANAGEMENT, LLC AND TARANJEET CHOPRA, LLC, <br><br> Plaintiff, <br><br> - against – <br><br> MICHAEL CHIYA ARYEH, STONE STREET CAPITAL LLC, CLEAR FUNDING GROUP LLC, KIAN MIRIN, AND DOES 1 TO 200, <br> Defendants. | **Case No. 25-cv-5542** <br><br> **VERIFIED ANSWER WITH COUNTERCLAIMS** |

Defendants, MICHAEL CHIYA ARYEH, STONE STREET CAPITAL LLC, CLEAR FUNDING GROUP LLC, KIAN MIRIN, AND DOES 1 TO 200 (hereinafter "Defendants") by and through their attorneys, THE YITZHAK LAW GROUP and THE LAW OFFICES OF LAWRENCE H. SCHOENBACH, for their answer to the Complaint herein, alleges, upon information and belief, as follows:

## INTRODUCTION

1.      Defendants Michael Aryeh ("Aryeh") and Stone Street Capital LLC ("Stone Street") are the true victims of Plaintiffs' conduct. By and through his corporate vehicles Creation Capital Group, LLC ("Creation") and VYS Management Group ("VYS"), Michael Yedidsion ("Yedidsion") fraudulently created and executed an unapproved operating agreement for Creation by electronically signing the unauthorized operating agreement for Aryeh, in violation of the Computer Fraud and Abuse Act. Yedidsion, again, by and through his corporate vehicles, engaged in bank and wire fraud by fraudulently emptying the Creation bank account without the knowledge and consent of Aryeh. Finally, Plaintiff Creation Capital and Yedidsion violated the Computer

Fraud and Abuse Act by engaging in the unauthorized collection of monies belonging to Aryeh by

re-directing and thus circumventing Stone Street's collections from their merchants. Yedidsion did

this with the assistance of ALLIANCE CAPITAL US LLC ("Alliance") and DANIEL SEMPLE

(Semple). In the course of Yedidsion's malicious and tortious conduct he intentionally

disseminated untrue information about Aryeh, thereby damaging Aryeh's professional

relationships.

## THE PARTIES

2. Defendants admit the allegation contained in Paragraph 2 of the Complaint that Creation is a
   Delaware LLC. Defendants however, deny the allegation that Creation's principal place of
   business is in the State of California. In fact, Creation's principal place of business was, and
   is, in the State of New York.

3. Admits the allegations set forth in Paragraph "2" of the Complaint that Plaintiff CYS
   Management, LLC ("CYS") is a Delaware LLC. Denies there was ever a valid operating
   agreement for CYS establishing its principal place of business in the State of California.

4. Lacks sufficient information that Plaintiff Taranjeet Chopra LLC ("Chopra") is a California
   LLC and that its principal place of business is in the State of California.

5. Denies the allegations set forth in Paragraph "5" of the Complaint.

6. Admits the allegations set forth in Paragraph "6" of the Complaint.

7. Admits that Stone Street is a Delaware LLC; denies that Stone Street's principal place of
   business is located in California and Delaware.

8. Admits that Clear Funding is a Delaware LLC with its principal place of business in the State
   of New York; and denies that Clear Funding's principal place of business is in the State of
   California.

9. Admits the allegation in Paragraph "9" of the Complaint.

10.    Is without sufficient knowledge or information to form a belief as to the truth of the
allegations set forth in Paragraph "10" of the Complaint.

11. Denies the allegations set forth in Paragraph "11" of the Complaint.

12. Denies the allegations set forth in Paragraph "12" of the Complaint.

13. Denies the allegations set forth in Paragraph "13" of the Complaint.

**JURISDICTION AND VENUE**

14.    Allegations set forth in Paragraph "14" of the Complaint call for legal conclusions to which
no response is necessary. To the extent a response is needed, Defendants deny the allegations
set forth alleging that the events in question took place in the State of California and also deny
that a written agreement exists and, if one does, that it was ever executed by Aryeh.

15.    This Court lacks diversity jurisdiction pursuant to 28 USC § 1332 as both Plaintiffs
Creation and CYS, and Defendants Stone Street and Clear Funding, are citizens of the State of
Delaware; and Plaintiff Taranjeet and Defendant Mirin are both citizens of California.

16.    Allegations set forth in Paragraph "16" of the Complaint call for legal conclusions to which
no response is necessary, but to the extent a response is needed, Defendants deny the allegations
set forth therein.

17.    Defendants deny the allegations in Paragraph "17" of the Complaint. Further, Defendants
deny the existence of any written agreement and, if one does exist, that it was legally and
lawfully executed by all required parties. Defendants deny that any part of the acts, events, and
omissions giving rise to Plaintiff's allegations occurred in the State of California.

**THE FACTS**

18.    Admits the allegations set forth in Paragraph "18" of the Complaint to the extent that there

3

was an agreement.

19.    Admits the allegations set forth in Paragraph "19" of the Complaint.

20.    Denies the allegations set forth in Paragraph "20" of the Complaint.

21.    Denies the allegations set forth in Paragraph "21" of the Complaint.

22.    Admits the allegations set forth in Paragraph "22" of the Complaint.

23.    Is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint with respect to alleged allegations made by non-party Semple; and denies the allegations with respect to Aryeh not being a partner of Alliance Capital US, LLC.

24.    Admits the allegations with respect to Yedidsion introducing Aryeh only to Taranjeet several months after Taranjeet already made an investment in Creation; and is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint with respect to what Yedidsion alleges to have relied on. Taranjeet was the only investor in Creation.

25.    Admits allegations set forth in Paragraph "25" of the Complaint with respect to the use of Aryeh's already existing corporate entity, Creation, LLC.

26.    Denies allegations set forth in Paragraph "26" of the Complaint and Plaintiff failed to attach any Exhibit 1 to this Complaint.

27.    Denies the allegations set forth in Paragraph "27" of the Complaint that an operating agreement was ever executed for Creation; and Plaintiff has failed to provide any evidence of the existence of such a document and/or that it was legally and lawfully executed by and among the Parties.

28.    Denies the allegations set forth in Paragraph "27" of the Complaint that an operating

agreement was ever executed for Creation; and Plaintiff has failed to provide any evidence of the existence of such a document and/or that it was legally and lawfully executed by and among the Parties.

29.     Admits Paragraph "29" of the Complaint.

30.     Admits Paragraph "30" of the Complaint.

31.     Denies the allegations set forth in Paragraph "31" of the Complaint that an operating agreement was ever executed for Creation; and Plaintiff has failed to provide any evidence of the existence of such a document and/or that it was legally and lawfully executed by and among the Parties.

32.     Denies allegations set forth in Paragraph "32" of the Complaint that an operating agreement was ever executed for Creation; and Plaintiff has failed to provide any evidence of the existence of such a document and/or that it was legally and lawfully executed by and among the Parties.

33.     Denies allegations set forth in Paragraph "33" of the Complaint that an operating agreement was ever executed for Creation; and Plaintiff has failed to provide any evidence of the existence of such a document and/or that it was legally and lawfully executed by and among the Parties. Defendant Aryeh never made any such representation that he would not operate or compete with Creation. It is common practice in the MCA industry to have multiple books and entities.

34.     Denies the allegations in Paaragraph 34 of the Complaint with respect to why Yedidsion invested money in Creation as he never did; denies the allegations with respect to Aryeh embezzling funds and defrauding the other members of Creation. It was Yedidsion, *not* Aryeh, who fraudulently and illegally removed in excess of $300,000 from the Creation bank account. Because of Yedidsion's tortious conduct in the bank closed the Creation account.

35.     Denies the allegation in Paragraph "35" of the Complaint with respect to opening a new

Creation bank account and all other allegations in Paragraph "35" of the Complaint. Yedidsion opened a new Creation bank account without telling Aryeh or providing him with access to the new bank account after Yedidsion fraudulently removed more than $300,000 from the account.

36.     Denies allegations set forth in Paragraph "36" of the Complaint that an operating agreement was ever executed for Creation; and Plaintiff has failed to provide any evidence of the existence of such a document and/or that it was legally and lawfully executed by and among the Parties. Stone Street and Creation were in existence before April 2024.

37.     Denies allegations set forth in Paragraph "37" of the Complaint that an operating agreement was ever executed for Creation; and Plaintiff has failed to provide any evidence of the existence of such a document and/or that it was legally and lawfully executed by and among the Parties; and denies any such wires were ever initiated by Aryeh (or any of the Defendants). In fact, such wires were initiated by Yedidsion.

38.     Denies allegations set forth in Paragraph "38" of the Complaint with respect to the merchants who received more than one advance were not in default when the additional advances were made.

39.     Denies the allegations set forth in Paragraph "39" of the Complaint with respect to the default rate.

40.     Denies the allegations set forth in Paragraph "40" of the Complaint.

41.     Denies the allegations set forth in Paragraph "41" of the Complaint.

42.     Denies the allegations set forth in Paragraph "42" of the Complaint.

43.     Denies the allegations set forth in Paragraph "43" of the Complaint.

44.     Denies the allegations set forth in Paragraph "44" of the Complaint. In fact, it was Yedidsion and Sarraf who blocked Aryeh's access to his Creation email account.

45.   Denies the allegations set forth in Paragraph "45" of the Complaint. In fact, it was
      Yedidsion and Sarraf who locked Aryeh out of Creation's DocuSign account.

46.   Denies the allegations set forth in Paragraph "46" of the Complaint; and admits that
      Defendant Aryeh is an attorney in good standing in the State of New York.

47.   Denies the allegations set forth in Paragraph "47" of the Complaint.

48.   Denies the allegations in Paragraph "48" of the Complaint.

49.   Denies the allegations in Paragraph "49" of the Complaint.

50.   Is without sufficient knowledge or information to form a belief as to the truth of the
      allegations set forth in Paragraph "50" of the Complaint with respect to any meeting held;
      Defendant Aryeh, as a member of Creation, was never informed about nor was present at any
      meeting held on January 2, 2025.

51.   Denies the allegations in Paragraph "51" of the Complaint with respect to offering
      merchants discounts; and admits the allegations in Paragraph "51" of the Complaint that
      Creation merchants could no longer pay Creation via Creation's own bank account – because
      the account was closed by the bank when Defendant Yedidsion fraudulently withdrew all the
      monies in the account.

52.   Denies the allegations in Paragraph "52" of the Complaint with respect to any "plan" and
      admits the allegations with respect to Mirin being employed by Creation starting in May 2024.

53.   Denies the allegation in Paragraph "53" of the Complaint.

54.   Denies the allegations in Paragraph "54" of the Complaint.

55.   Denies the allegations in Paragraph "55" of the Complaint.

56.   Denies the allegations in Paragraph "56" of the Complaint.

57.   Denies the allegations in Paragraph "57" of the Complaint.

## FIRST CAUSE OF ACTION

58.    Defendant repeats and realleges each and every response stated above.

59.    Denies allegations set forth in Paragraph "59" of the Complaint.

60.    Denies allegations set forth in Paragraph "60" of the Complaint.

61.    Denies allegations set forth in Paragraph "61" of the Complaint.

62.    Admits allegations set forth in Paragraph "62" of the Complaint that Aryeh is an attorney in good standing in the State of New York and does have years of experience in the MCA industry.

63.    Denies the allegations in Paragraph "63" of the Complaint.

64.    Is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph "64" of the Complaint; but denies that any misrepresentations were made to Plaintiffs.

65.    Denies the allegations set forth in Paragraph "65" of the Complaint.

66.    Denies the allegations set forth in Paragraph "66" of the Complaint.

## SECOND CAUSE OF ACTION

67.    Defendants repeat and reallege each and every response stated above.

68.    Denies the allegations set forth in Paragraph "68" of the Complaint as both Stone Street and Clear Funding existed prior to April 2024.

69.    Denies the allegations set forth in Paragraph "69" of the Complaint with respect to the real default rate being over 50% and most accounts being uncollectible; and admits that Creation's receivables were in excess of $1.7 Million.

70.    Denies the allegations set forth in Paragraph "70" of the Complaint.

71.    Denies the allegations set forth in Paragraph "71" of the Complaint as it was Yedidsion

and Sarraf who locked Aryeh out of his Creation emails and out of the Creation DocuSign
account.

72.     Denies the allegations set forth in Paragraph "72" of the Complaint.

73.     Denies the allegations set forth in Paragraph "73" of the Complaint.

74.     Denies the allegations set forth in Paragraph "74" of the Complaint.

## THIRD CAUSE OF ACTION

75.     Defendants repeat and reallege each and every response as stated above.

76.     Denies the allegations set forth in Paragraph "76" of the Complaint.

77.     Denies the allegations set forth in Paragraph "77" of the Complaint.

78.     Denies the allegations set forth in Paragraph "78" of the Complaint.

79.     Denies the allegations set forth in Paragraph "79" of the Complaint

80.     Denies the allegations set forth in Paragraph "80" of the Complaint

81.     Denies the allegations set forth in Paragraph "81" of the Complaint.

82.     Denies the allegations set forth in Paragraph "82" of the Complaint to the extent it does not
call for a legal conclusion.

83.     Denies the allegations set forth in Paragraph "83" of the Complaint to the extent it does not
call for a legal conclusion.

84.     Paragraph "84" of the Complaint calls for a legal conclusion.

## FOURTH CAUSE OF ACTION

85.     Defendants repeat and reallege each and every response as stated above.

86.     Denies the allegations in Paragraph "86" of the Complaint.

87.     Denies the allegations in Paragraph "87" of the Complaint but admits that the receivables
for Creation exceeded $1.7 Million.

88.   Denies the allegations in Paragraph "88" of the Complaint.

89.   Denies the allegations in Paragraph "89" of the Complaint; in fact, it was Yedidsion and Sarraf who locked Aryeh out of the Creation emails and DocuSign accounts.

90.   Denies the allegations in Paragraph "86" of the Complaint.

## FIFTH CASUE OF ACTION

91.   Defendants repeat and reallege each and every response as stated above.

92.   Paragraph "92" of the Complaint calls for a legal conclusion.

93.   Denies the allegations in Paragraph "93" of the Complaint.

94.   Denies the allegations in Paragraph "94" of the Complaint.

95.   Denies the allegations in Paragraph "95" of the Complaint.

96.   Denies the allegations in Paragraph "96" of the Complaint.

97.   Denies the allegations in Paragraph "97" of the Complaint.

98.   Denies the allegations in Paragraph "98" of the Complaint.

99.   Denies the allegations in Paragraph "99" of the Complaint.

100.   Denies the allegations in Paragraph "100" of the Complaint.

101.   Denies the allegations in Paragraph "101" of the Complaint.

102.   Denies the allegations in Paragraph "102" of the Complaint.

103.   Is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph "103" of the Complaint.

104.   Denies the allegations in Paragraph "104" of the Complaint.

105.   Denies the allegations in Paragraph "105" of the Complaint.

106.   Denies the allegations in Paragraph "106" of the Complaint.

107.   Denies the allegations in Paragraph "107" of the Complaint.

108.    Denies the allegations in Paragraph "108" of the Complaint.

109.    Denies the allegations in Paragraph "109" of the Complaint.

110.    Denies the allegations in Paragraph "110" of the Complaint.

111.    Denies the allegations in Paragraph "111" of the Complaint.

112.    Denies the allegations in Paragraph "112" of the Complaint to the extent it does not call for a legal conclusion.

113.    Denies the allegations in Paragraph "113" of the Complaint.

114.    Denies the allegations in Paragraph "114" of the Complaint.

115.    Denies the allegations in Paragraph "115" of the Complaint.

116.    Paragraph "116" of the Complaint calls for a legal conclusion.

117.    Paragraph "117" of the Complaint calls for a legal conclusion.

118.    Denies the allegations in Paragraph "118" of the Complaint.

119.    Denies the allegations in Paragraph "119" of the Complaint.

120.    Denies the allegations in Paragraph "120" of the Complaint.

121.    Denies the allegations in Paragraph "121" of the Complaint.

122.    Denies the allegations in Paragraph "122" of the Complaint.

123.    Denies the allegations in Paragraph "123" of the Complaint.

124.    Denies the allegations in Paragraph "124" of the Complaint.

125.    Denies the allegations in Paragraph "125" of the Complaint.

126.    Denies the allegations in Paragraph "126" of the Complaint.

127.    Paragraph "127" calls for a legal conclusion.

128.    Defendants repeat and reallege each and every response as stated above.

129.    Denies the allegations in Paragraph "129" of the Complaint.

130.    Denies the allegations in Paragraph "130" of the Complaint.

131.    Denies the allegations in Paragraph "131" of the Complaint.

132.    Denies the allegations in Paragraph "132" of the Complaint.

133.    Denies the allegations in Paragraph "133" of the Complaint.

134.    Denies the allegations in Paragraph "134" of the Complaint to the extent it does not call
         for a legal conclusion.

135.    Defendants repeat and reallege each and every response as stated above.

136.    Denies the allegations in Paragraph "136" of the Complaint.

137.    Denies the allegations in Paragraph "137" of the Complaint,

138.    Denies the allegations in Paragraph "138" of the Complaint.

139.    Defendants repeat and reallege each and every response as stated above.

140.    Admits the allegations in Paragraph "140" of the Complaint that Aryeh was a member of
         the LLC; the remainder of Paragraph "140" calls for a legal conclusion.

141.    Denies the allegations in Paragraph "141" of the Complaint.

142.    Denies the allegations in Paragraph "142" of the Complaint.

143.    Denies the allegations in Paragraph "143" of the Complaint; it was, in fact, Michael
         Yedidsion who depleted the LLC bank account.

144.    Denies the allegations in Paragraph "144" of the Complaint.

145.    Denies the allegations in Paragraph "145" of the Complaint.

146.    Denies the allegations in Paragraph "146" of the Complaint to the extent it does not call
         for a legal conclusion.

147.    Denies the allegations in Paragraph "147" of the Complaint to the extent it does not call
         for a legal conclusion.

148.    Denies the allegations in Paragraph "148" of the Complaint.

149.    Defendants repeat and reallege each and every response as stated above.

150.    Defendant Aryeh admits the allegations in Paragraph "150" but only that he was, and is, the managing member of Defendant Stone Street and Defendant Clear Funding; and denies all other allegations in Paragraph "150" of the Complaint.

151.    Admits the allegations of Paragraph "151" of the Complaint to the extent it does not call for a legal conclusion.

152.    Denies the allegations in Paragraph "152" of the Complaint.

153.    Denies the allegations in Paragraph "153" of the Complaint.

154.    Denies the allegations in Paragraph "154" of the Complaint to the extent it does not call for a legal conclusion.

155.    Denies the allegations in Paragraph "155" of the Complaint to the extent it does not call for a legal conclusion.

156.    Denies the allegations in Paragraph "156" of the Complaint to the extent it does not call for a legal conclusion.

157.    Denies the allegations in Paragraph "157" of the Complaint to the extent it does not call for a legal conclusion.

158.    Defendants repeat and reallege each and every response as stated above.

159.    Denies the allegations in Paragraph "159" of the Complaint to the extent it does not call for a legal conclusion, as it was never executed by Aryeh.

160.    Denies the allegations in Paragraph "160" of the Complaint.

161.    Denies the allegations in Paragraph "161" of the Complaint to the extent it does not call for a legal conclusion.

162.    Denies the allegations in Paragraph "162" of the Complaint to the extent it does not call
for a legal conclusion.

163.    Denies the allegations in Paragraph "163" of the Complaint.

164.    Defendants repeat and reallege each and every response as stated above.

165.    Denies the allegations in Paragraph "165" of the Complaint.

166.    Denies the allegations in Paragraph "166" of the Complaint.

167.    Denies the allegations in Paragraph "167" of the Complaint. It was Yedidsion who engaged
in this conduct.

168.    Denies the allegations in Paragraph "168" of the Complaint.  It was Yedidsion who
engaged in this conduct.

169.    Denies the allegations in Paragraph "169" of the Complaint to the extent it does not call
for a legal conclusion.

170.    Denies the allegations in Paragraph "170" of the Complaint.

171.    Denies the allegations in Paragraph "171" of the Complaint.

172.    Denies the allegations in Paragraph "172" of the Complaint,

173.    Denies the allegations in Paragraph "173" of the Complaint to the extent it does not call
for a legal conclusion.

174.    Defendants repeat and reallege each and every response as stated above.

175.    Admits the allegations contained in Paragraph "175" of the Complaint.

176.    Denies the allegations in Paragraph "176" of the Complaint to the extent it does not call
for a legal conclusion.

177.    Denies the allegations in Paragraph "177" of the Complaint to the extent it does not call
for a legal conclusion.

178. Denies the allegations in Paragraph "178" of the Complaint to the extent it does not call for a legal conclusion.

179. Denies the allegations in Paragraph "179" of the Complaint to the extent it does not call for a legal conclusion.

180. Denies the allegations in Paragraph "180" of the Complaint to the extent it does not call for a legal conclusion.

181. Denies the allegations in Paragraph "181" of the Complaint to the extent it does not call for a legal conclusion.

182. Denies the allegations in Paragraph "182" of the Complaint to the extent it does not call for a legal conclusion.

183. Denies the allegations in Paragraph "183" of the Complaint to the extent it does not call for a legal conclusion.

184. Denies the allegations in Paragraph "184" of the Complaint to the extent it does not call for a legal conclusion.

185. Defendants repeat and reallege each and every response as stated above.

186. Paragraph "186" calls for a legal conclusion.

187. Paragraph "187" calls for a legal conclusion.

188. Denies the allegations in Paragraph "188" of the Complaint.

189. Denies the allegations in Paragraph "189" of the Complaint.

190. Denies the allegations in Paragraph "190" of the Complaint.

191. Denies the allegations in Paragraph "191" of the Complaint.

192. Denies the allegations in Paragraph "192" of the Complaint.

193. Denies the allegations in Paragraph "193" of the Complaint.

194.    Denies the allegations in Paragraph "194" of the Complaint.

195.    Denies the allegations in Paragraph "195" of the Complaint.

196.    Denies the allegations in Paragraph "196" of the Complaint.

197.    Denies the allegations in Paragraph "197" of the Complaint.

198.    Denies the allegations in Paragraph "198" of the Complaint.

199.    Denies the allegations in Paragraph "199" of the Complaint to the extent it does not call
for a legal conclusion.

200.    Denies the allegations in Paragraph "200" of the Complaint to the extent it does not call
for a legal conclusion.

201.    Denies the allegations in Paragraph "201" of the Complaint to the extent it does not call
for a legal conclusion.

202.    Defendants repeat and reallege each and every response as stated above.

203.    Denies the allegations in Paragraph "203" of the Complaint to the extent it does not call
for a legal conclusion.

204.    Denies the allegations in Paragraph "204" of the Complaint to the extent it does not call
for a legal conclusion.

205.    Denies the allegations in Paragraph "205" of the Complaint to the extent it does not call
for a legal conclusion.

206.    Defendants repeat and reallege each and every response as stated above.

207.    Denies the allegations in Paragraph "207" of the Complaint.

208.    Denies the allegations in Paragraph "208" of the Complaint to the extent it does not call
for a legal conclusion.

209.    Denies the allegations in Paragraph "209" of the Complaint to the extent it does not call

for a legal conclusion.

210.    Denies the allegations in Paragraph "210" of the Complaint to the extent it does not call
for a legal conclusion.

211.    Defendants repeat and reallege each and every response as stated above.

212.    Denies the allegations in Paragraph "212" of the Complaint to the extent it does not call
for a legal conclusion.

213.    Denies the allegations in Paragraph "213" of the Complaint.

214.    Denies the allegations in Paragraph "214" of the Complaint to the extent it does not call
for a legal conclusion.

215.    Denies the allegations in Paragraph "215" of the Complaint to the extent it does not call
for a legal conclusion.

216.    Denies the allegations in Paragraph "216" of the Complaint to the extent it does not call
for a legal conclusion.

217.    Defendants repeat and reallege each and every response as stated above.

218.    Denies the allegations in Paragraph "218" of the Complaint to the extent it does not call
for a legal conclusion.

219.    Denies the allegations in Paragraph "219" of the Complaint to the extent it does not call
for a legal conclusion.

220.    Denies the allegations in Paragraph "220" of the Complaint to the extent it does not call
for a legal conclusion.

221.    Denies the allegations in Paragraph "221" of the Complaint to the extent it does not call
for a legal conclusion.

222.    Denies the allegations in Paragraph "222" of the Complaint to the extent it does not call

for a legal conclusion.

223.    Defendants repeat and reallege each and every response as stated above.

224.    Denies the allegations in Paragraph "224" of the Complaint to the extent it does not call for a legal conclusion.

225.    Denies the allegations in Paragraph "225" of the Complaint to the extent it does not call for a legal conclusion.

226.    Denies the allegations in Paragraph "226" of the Complaint to the extent it does not call for a legal conclusion.

227.    Denies the allegations in Paragraph "227" of the Complaint to the extent it does not call for a legal conclusion.

228.    Denies the allegations in Paragraph "228" of the Complaint to the extent it does not call for a legal conclusion.

229.    Denies the allegations in Paragraph "229" of the Complaint to the extent it does not call for a legal conclusion.

230.    Defendants repeat and reallege each and every response as stated above.

231.    Denies the allegations in Paragraph "231" of the Complaint to the extent it does not call for a legal conclusion.

232.    Denies the allegations in Paragraph "232" of the Complaint.

233.    Denies the allegations in Paragraph "233" of the Complaint to the extent it does not call for a legal conclusion.

## FIRST AFFIRMATIVE DEFENSE

234.    Plaintiff fails to state a claim upon which relief may be granted or for which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

235.   Plaintiff has not suffered any legally cognizable damages, as any alleged damages were a result of the negligent, illegal, or improper conduct of Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

236.   Plaintiff's claims against Answering Defendant are barred based on the doctrine of unclean hands and based on Plaintiff's improper conduct, acts, and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

237.   The losses and damages suffered by Plaintiff, if any, were caused in whole or part by the culpable conduct of Plaintiff, Plaintiff's assigns, employees, agents, servants, and predecessors in interest.

## FIFTH AFFIRMATIVE DEFENSE

238.   Plaintiff assumed the risk of the conduct and circumstances that caused the loss and damages that were suffered by Plaintiff, if any.

## SIXTH AFFIRMATIVE DEFENSE

239.   Plaintiffs lack diversity jurisdiction over Defendants under 28 USC § 1332, as Plaintiffs Creation and CYS, and Defendants Stone Street and Clear Funding, are all Delaware citizens; and Plaintiff Taranjeet and Defendant Mirin are both California citizens.

## SEVENTH AFFIRMATIVE DEFENSE

240.   Any recovery by Plaintiff would unjustly enrich Plaintiffs at the expense of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

241.   Plaintiff's claims are barred by laches.

## NINTH AFFIRMATIVE DEFENSE

242. Plaintiff's claims against Defendants are barred due to lack of privity.

## TENTH AFFIRMATIVE DEFENSE

243. All matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading.

244. Defendants reserve the right to bring any additional affirmative defenses that become known during the litigation of this matter.

## COUNTER-CLAIM FACTS

245. At all times relevant to this Complaint, Aryeh was the sole member of Defendant Stone Street.

246. Defendant Aryeh and Yedidsion jointly formed Plaintiff Creation in 2024 for the sole purpose of making merchant cash advances to businesses throughout the United States.

247. Yedidsion had no managerial duties or responsibilities in Plaintiff Creation and did not invest any of his own, personal money in Plaintiff Creation.

248. Yedidsion's sole involvement with Plaintiff Creation was as a broker – to introduce an investor, Plaintiff Taranjeet to Defendants. For this introduction Yedidsion received a ten (10) percent membership interest in Plaintiff Creation. For his investment in Defendant Creation, Plaintiff Taranjeet received a ten (10) percent membership interest and a fifteen (15) percent annual return on its initial investment. Defendant Aryeh retained the other eighty percent membership interest in Plaintiff Creation.

249. Defendant Aryeh was the sole member of Plaintiff Stone Street, a company that was also engaged in the business of making merchant cash advances to businesses throughout the United States.

250.    At all times, it was understood between Defendant Aryeh and Yedidsion that Aryeh would be the managing member of Creation as well as the day-to-day manager of the business, with full control of all Creation bank accounts.

251.    After the formation of Creation, Yedidsion and Sarraf blocked Defendant Aryeh's access to Aryeh's Creation emails.

252.    After the formation of Creation, Yedidsion and Sarraf blocked Defendant Aryeh's access to the Creation DocuSign account.

253.    After the formation of Creation, without the knowledge and consent of Aryeh, Yedidsion executed an unauthorized Creation operating agreement .

254.    The unauthorized operating agreement executed by Yedidsion made Yedidsion the sole member of Creation, reducing Aryeh's role to only that of a manager who could be terminated at any time.

255.    Yedidsion liquidated approximately $300,000 from Creation's bank account at Optimum Bank, preventing Aryeh from accessing those funds that were needed to properly carry out the day-to-day operations of Creation. Shortly after Yedidsion emptied Creation's bank account, Optimum bank froze the account and thereafter the Creation Optimum Bank Account was closed by a party other than Defendant's.

256.    In order to avoid defaults after Yedidsion's conduct of closing the Creation bank account, Aryeh informed merchants with whom Creation was doing business to make payments to Stone Street. Those merchant payments  would be 100% accounted for to Creation.

257.    As a result of Yedidsion's  unauthorized removal of $300,000 from the Creation bank account, Optimum Bank froze the account. Shortly after the closure of the Creation Optimum Bank Account, Yedidsion diverted remaining merchant debits to another bank

account in Creation's name. Yedidsion refused to give Aryeh access to the new account, preventing Aryeh from performing his managerial duties. All of this was done by Yedidsion and in violation of the oral agreement between Aryeh and Yedidsion.

258.    Yedidsion and Creation, operating under the fraudulent and unauthorized operating agreement, began sending collection emails and making collection calls to all of Creation's merchants who had an outstanding balance. These collection calls even included those merchants who were making payments to Stone Street for the benefit of Creation, with Yedidsion and his agents having knowledge of the same. Even more egregiously, knowingly, Yedidsion, with the assistance of The Law Firm of Gene Rosen and Alliance Capital US, LLC and Daniel Semple, also contacted merchants who only had outstanding balances with Stone Street.

259.    Thereafter, Yedidsion and Creation retained The Law Firm of Gene Rosen, Alliance Capital US, LLC and Daniel Semple, Creation's agents, to assist with collection activity allegedly for Creation. This collection activity included accounts that were not delinquent and that were making payments to Stone Street on behalf of Creation, with full disclosure of the same to Yedidsion and his agents. Yedidsion, through his agents, including The Law Firm of Gene Rosen, Alliance Capital US, LLC and Daniel Semple, intentionally and with full knowledge, sent collection emails, text messages, and made phone calls to merchants who had no relationship to Creation and were only merchants of Stone Street.

260.    Alliance Capital US, LLC and Daniel Semple even went so far as to report these non-defaulting merchants as delinquent on their merchant credit rating.

261.    As a result of this conduct by Yedidsion, Creation, The Law Firm of Gene Rosen and Alliance Capital US, LLC and Daniel Semple, several merchants stopped making

payments on their accounts to Stone Street. This even included merchants who no longer had accounts with Creation and only had accounts with Stone Street. It also included merchants who never had accounts with Creation.

262.    Yedidsion, Creation, The Law Firm of Gene Rosen and Alliance Capital US, LLC and Daniel Semple proceeded to make phone calls and send emails to independent sales operatives ("ISO's"), brokers that referred merchants to Stone Street and who Aryeh has done substantial business with, alleging Aryeh was engaging in fraud and diverting funds from Creation.

263.    As a result of these knowingly false allegations, several ISOs Aryeh has done substantial business with will no longer do business with him.

## AS AND FOR ANSWERING DEFENDANT'S FIRST COUNTERCLAIM
### (UNJUST ENRICHMENT)

264.    Defendants repeat and realleges each and every response stated above.

265.    By their conduct Plaintiffs have unjustly enriched themselves at Defendants' expense, in contravention of the principles of equity and the parties' understanding.

266.    Plaintiff Yedidsion's removal of all funds from the Optimum Creation Capital Bank Account, unauthorized merchant collections and his interference with Aryeh's collection efforts on behalf of Creation, caused serious financial damage to Defendant Aryeh in an amount to be determined at trial, but not less than $5,000,000

## AS AND FOR ANSWERING DEFENDANT'S SECOND COUNTERCLAIM
### (PRIMA FACIE TORT AGAINST ALL PLAINTIFFS)

267.    Defendants repeat and realleges each and every response stated above.

23

268.   Yedidsion, Creation and their agents, The Law Firm of Gene Rosen, Alliance Capital US, LLC and Daniel Semple, intentionally and recklessly conducted themselves toward Defendants Aryeh and Stone Street in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency.

269.   Defendants Aryeh and Stone Street suffered severe emotional distress and a loss of business as a direct result of Yedidsion, Creation, and their agents, The Law Firm of Gene Rosen and Alliance Capital US, LLC and Daniel Semple, improperly making knowingly false allegations against Defendants Aryeh and Stone Street and by engaging in knowingly false and damaging conduct towards Defendant Stone Street's merchants and ISO's Aryeh extensively worked with. Defendants Aryeh and Stone Street suffered significant reputational harm, a loss of business and emotional distress of an intensity and duration that no reasonable person could be expected to endure.

270.   Plaintiffs are liable to Defendants Aryeh and Stone Street for the resulting severe reputational harm, emotional distress and resulting compensatory damages, in an amount to be determined at trial, but not less than $1,000,000 and punitive damages not less than $5,000,000.

## AS AND FOR ANSWERING DEFENDANT'S THIRD COUNTERCLAIM

### (WIRE FRAUD)

271.   Defendants repeat and realleges each and every response stated above.

272.   Plaintiff Creation by Yedidsion, made unauthorized transfers of stolen funds from Creation's Optimum bank account to another bank account either in the name of Creation or Yedidsion or another entity controlled by Yedidsion, to which Defendant Aryeh, as the manager of Creation and the majority member, had no access.

273.    Creation and Yedidsion's conduct violated 18 U.S.C.§ 1343.

274.    As a result, Defendant's Aryeh and Stone Street have been damaged in an amount not
less than $5,000,000 to be proven at trial.

## AS AND FOR ANSWERING DEFENDANT'S FOURTH COUNTERCLAIM

## (COMPUTER FRAUD AND ABUSE ACT)

275.    Defendants repeat and realleges each and every response stated above.

276.    Plaintiff Creation by Yedidsion or an agent of Yedidsion's intentionally and knowingly,
blocked Defendant Aryeh's access to his Creation email account, the Creation DocuSign account,
and online access to the Creation Optimum Bank Account, to frustrate and prevent Defendant
Aryeh from performing his managerial duties on behalf of Creation.

277.    Creation and Yedidsion's conduct violated 18 U.S.C.§ 1030.

278.    As a result, Defendant's Aryeh and Stone Street have been damaged in an amount not less
than $5,000,000 to be proven at trial.


**WHEREFORE,** Answering Defendant prays for the following relief:

      (a)    Dismissing the Complaint in its entirety with prejudice,

      (b)    Compensatory and punitive damages for Prima Facie Tort against all Plaintiffs;
and

      (c)    Compensatory and punitive damages for Wire Fraud against Plaintiff Creation;
and

      (d)    Compensatory damages for unjust enrichment against all Plaintiffs; and

      (e)    Awarding Defendants' Attorney's fees, costs, and other expenses associated with

this litigation; and

(f)     Granting such other relief as this Court may deem just and proper.

Dated: Great Neck, New York
      October 20, 2025

**THE YITZIIAK LAW GROUP**
*Attorneys for Defendants*
//s// Erica T. Itzhak
Erica T. Itzhak, Esq., *Admitted Pro Hac Vice*
1 Linden Place, Suite 406
Great Neck, New York I1021
(516) 466-7144

and

**THE LAW OFFICES OF
LAWRENCE H. SCHOENBACH**
*Attorneys for Defendants*

//s//  Lawrence Schoenbach
Lawrence H. Schoenbach, Esq  *Admitted Pro Hac Vice*
111 Broadway, Suite 901
New York, New York 10006
(212) 346-2400

## Verification

MICHAEL C. ARYEH affirms this 21st day of October 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am a Defendant in the within action and that the foregoing Answer is true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters he believes them to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

 

Michael C. Aryeh, Esq.